Gary L. KNAPP, Brian Wilson
and William Fitzpatrick,
Plaintiffs–Appellants,

v.

The CITY OF COLUMBUS, Michael Coleman, Barbara Gates McGrath, Priscilla Tyson, Douglas Morgan, Grady L. Pettigrew, Lynn Carter and Frederick L. Ransier, III, Defendants–Appellees.

No. 02–3577.

United States Court of Appeals,
Sixth Circuit.

March 10, 2004.

Beverly J. Farlow, Farlow & Lewis L.L.C., Dublin, OH, for Plaintiff–Appellant.

Pamela J. Gordon, Columbus City Attorney's Office, Columbus, OH, for Defendant–Appellee.

Before MERRITT, MOORE and GILMAN, Circuit Judges.

MERRITT, Circuit Judge.

Plaintiffs are three firefighters in Columbus. Ohio, who sought an accommodation for a medical condition before taking the promotional exam. Although the exact accommodation sought by each plaintiff is not specified in the record before us, an earlier request for an accommodation on a previous exam asked for an individual, instead of group, test site and additional time in which to complete the exam. After being denied the accommodation and failing the exam, plaintiffs filed suit in federal court under the American with Disabilities Act. The district court granted judgment on the pleadings to defendants on plaintiffs' federal claims of discrimination and dismissed without prejudice their state law claims. At issue on appeal is whether plaintiffs' complaint gave sufficient notice to defendants of a claim under Title I of

the ADA, which concerns "employment." as well as under Title II. which addresses "public services."[1]

Plaintiffs Gary Knapp, William Fitzpatrick and Brian Willison are firefighters for the City of Columbus. Each sought an accommodation from the Columbus Civil Service Commission in advance of taking the exam for his previously-diagnosed Attention Deficit Hyperactivity Disorder. The Civil Service Commission, among other duties, sets and enforces the rules for taking the civil service exams. All three plaintiffs were denied the requested accommodations and appealed the Commission's decision. The appeals were denied and each plaintiff took the exam without accommodation and failed.

Plaintiffs filed complaints with the Ohio Civil Rights Commission and the United States Equal Employment Opportunity Commission and received right-to-sue letters allowing them to proceed to federal court. The plaintiffs filed suit in federal court against the mayor and six current and former Commission members, alleging the following federal and state claims: (1) violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.;* (2) violation of the Rehabilitation Act. 29 U.S.C. §§ 794 *et seq.;* (3) conspiracy to deprive plaintiffs of their rights as disabled persons in violation of 42 U.S.C. § 1985:(4) violation of Ohio's Handicap Discrimination Law. Ohio Rev.Code § 4112; (5) intentional infliction of emotional distress, and (6) conspiracy to deprive plaintiffs of their rights as disabled persons under state law.

The district court granted defendants' motion to dismiss all the claims with the exception of the ADA claims against the City and the six city officials in their official capacities, and the state law claims of handicap discrimination against the defendants in their individual and official capacities. The individual defendants and the City then filed separate motions for judgment on the pleadings on the remaining claims. The district court granted the City's motion as to the ADA on statute of limitations grounds and dismissed the state law claims without prejudice, thereby rendering a final judgment in favor of defendants on all claims.

The district court's order stated that it was dismissing "all the federal claims" in the case, but discussed only Title II in its order, not Title I. The district court's failure to address Title I can be explained by the fact that the City's motion for judgment on the pleadings and the plaintiffs' opposition to the City's motion discussed only Title II. On appeal, plaintiffs contend that the district court erred in not addressing Title I in its dismissal order, and defendants argue that plaintiffs never intended to raise a Title I claim in the district court. The question before us is whether the complaint raised the Title I issue sufficiently for defendants and the court to have been on notice of the claim and to have addressed it, as well as the Title II claim.[2]

Plaintiffs point to three places in the complaint where Title I is referenced: (1) the right-to-sue letters attached to the complaint: (2) the complaint's jurisdictional statement and (3) in the first federal cause of action. Plaintiffs contend that these references to Title I in the complaint

---

**1.** The ADA contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations and Services Operated by Private Entities (Title III), Telecommunications (Title IV) and Miscellaneous Provisions (Title V).

**2.** On appeal, the plaintiffs do not dispute that the district court properly dismissed their claims brought under Title II of the ADA.

put defendants on sufficient notice of the Title I claim.

In assessing the legal sufficiency of a claim, we may look to documents attached as exhibits or incorporated by reference into the complaint. *Amini v. Oberlin College*, 259 F.3d 493 (6th Cir.2001). Plaintiffs complaint attached the right-to-sue letters received by each plaintiff from the Equal Employment Opportunity Office, which specifically authorized the plaintiffs to "institute a civil action under Title I of the [ADA] of 1990. 42 U.S.C. §§ 12111 *et seq.*" The letters were attached to the complaint as exhibits and incorporated by reference into the complaint. Complaint at ¶ 22.

The statement of jurisdiction in the complaint alleges that the "action arises under Title II of the Americans with Disabilities Act. 42 U.S.C. § 12102(A), 42 U.S.C. § 12112 *et seq.*, 42 U.S.C. § 12131 *et seq.*, and 28 U.S.C. § 1343...." Although only the words "Title II" appear in the jurisdictional statement, the citation to "42 U.S.C. § 12112 *et seq.*" is the operative section under Title I that discusses discrimination against disabled persons in employment. Complaint at ¶ 9.

Finally, the first federal cause of action states that defendants engaged in a "discriminatory pattern and practice ... [that] violates Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and failed to provide reasonable accommodations to the firefighters in violation of 42 U.S.C. § 12111(9)." Complaint at ¶ 24. Specific reference is made to section 12111(9). which provides the definition for "reasonable accommodation" in the definitions section of Title 1. A separate definitions section is provided for as the first section under Title II in 42 U.S.C. § 12131.

Even though the plaintiffs are complaining about their treatment as employees of the City of Columbus, defendants' argument is essentially that plaintiffs' failure to explicitly mention the words "Title I" in the complaint is fatal to plaintiffs' claim. But this argument misconceives the nature of federal pleading, which is by statement of claim, not legal theory. Fed.R.Civ.P. 8(a); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1219. Federal Civil Rule 8(e) specifically states that "[n]o technical forms of pleading or motions are required" in federal court. Accordingly, neither technical expressions nor any particular form of words is required. 5 C. Wright & A. Miller. Federal Practice and Procedure § 1281. The Federal Rules of Civil Procedure simply do not require any magic words or recitations to be made in a complaint: "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters." *Albert v. Carovano*, 851 F.2d 561, 571 n. 3 (2d Cir.1988). The court's duty is to look to the facts and grant the necessary relief as justice requires—not to demand that certain citations or phrases are used. In any event, plaintiffs did not fail to cite to the correct statutory section that would give notice of a Title I claim. The complaint cites specifically to 42 U.S.C. § 12112 in the jurisdictional statement and 42 U.S.C. § 12111(9) in the first cause of action. Both sections are part of Title I.

More significantly, a reading of the "Factual Background" portion of the complaint clearly raises a claim under Title I. The facts discuss the failure of the City and the Commission to grant plaintiffs a reasonable accommodation to take the promotional exam. When taken as a whole with the other sections of the complaint, as required, there can be no doubt that plaintiffs were raising claims in the context of

employment, and defendants should have been on notice of a claim under Title I.

Plaintiffs also urge this Court to "take a definite position" on whether the scope of Title II includes employment actions. Because the district court did not address this issue and because plaintiffs state that on appeal they do not contest the district court's rulings on Title II, this issue is beyond the scope of our review.

For the foregoing reasons, we affirm the district court's judgment as to plaintiffs' claims under Title II of the Americans with Disabilities Act but reverse and remand for consideration of plaintiffs' claims arising under Title I.